21935. RAY *v.* THE STATE.

DECIDED FEBRUARY 17, 1932.

W. A. *McClellan,* W. A. *McClellan Jr.,* for plaintiff in error.
C. S. *Baldwin, solicitor-general,* contra.

LUKE, J. The accused was convicted of cheating and swindling, and excepts to the judgment overruling his motion for a new trial. The indictment charges that on November 27, 1929, the accused fraudulently sold to J. G. Spivey 10 barrels of "weevilnip" (an insecticide used by some cotton growers in combating the boll weevil), at 30 cents per gallon, and 26 barrels of the same at 32 cents per gallon, agreeing to deliver all of it at once and representing that he then had it ready for delivery, thereby then and there obtaining from Spivey $150 on the purchase-price, and afterwards, on February 14, 1930, obtaining the balance of the purchase-price, $208, without actually having such goods for immediate delivery as he so represented, and intending never to deliver the same, and afterwards failing to deliver the same, to Spivey's loss and damage in the sum of $258, contrary to the laws, etc. Why Spivey's loss should be stated as $258, instead of $358, does not appear from the indictment.

Under the evidence, the controlling question is: Was Ray's rep-

resentation, that he had the goods on hand ready for immediate shipment, made falsely and fraudulently, or did he actually have the goods on hand as he claimed to have, and did he act without criminal intent while contracting for a sale of the goods and collecting the purchase-price? It appears, without contradiction, that the transaction involved in this case was preceded by three years of satisfactory dealing between Ray and Spivey, in the purchase and sale of the same product; that Spivey was induced to make the first advance payment by reason of a reduction in the price; that Ray's product was manufactured and stored at different places in this State; that although the contract of sale and the first payment were made on November 29, 1929, and were not followed by any shipment until the last of May, 1930, when fourteen barrels were delivered to Spivey, yet on February 14, 1930, because of financial and factory troubles which Ray claimed to be then having, Spivey paid the balance of the purchase-price, then expecting the product to be shipped from a new factory at Savannah to Macon, thence to Eatonton. Ray, in his statement to the jury, claimed that he actually had in different warehouses a much larger quantity of his product than that sold to Spivey; that his failure to deliver the full amount required by Spivey was due solely to factory and business troubles—to some of his stored product becoming unfit for use, and to financial difficulties which finally culminated in an involuntary petition in bankruptcy. Spivey, the only witness by whom the State sought to prove the falsity of Ray's representation, testified: "He [Ray] came to my house in February, . . said he had not shipped this weevilnip as he had promised, for the simple reason that he could not, the weather was not suitable; he was going to deliver it in a truck. . . Then he said he was going to move his factory to Savannah, was going to make it or have it made in Savannah, and have it loaded on the train to come to Eatonton, coming to Macon, and then going to send me mine right away. . . I don't know whether or not in February, when I gave him the check for $208, he actually had any weevilnip on hand in Savannah. He said he had it there, it was on the train coming to Macon. He did not afterwards admit to me that he did not have it on the train. C. K. Riley, a warehouseman, testified, without contradiction, that twenty-six barrels of the product were stored in his warehouse by Ray "in the fall or early winter of

1929," and that it was placed there for the use of Spivey and others. Another witness, Anthony, testified, without contradiction, that he was familiar with Ray's place of business in Macon during 1929 and 1930, and that Ray regularly kept forty or fifty barrels of his product stored there. Hamlin, another witness, testified to substantially the same effect. Such evidence can not be held to establish either the falsity of the alleged representation or the defendant's intent to defraud to the exclusion of every other reasonable hypothesis, under either § 703 or § 719 of the Penal Code of 1910. See *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304).

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*