18742.   MAY, Administratrix *v.* HADDEN, Ordinary.

WYATT, Presiding Justice. Mrs. Minnie Peebles May during her lifetime made application to the Ordinary of Glascock County for a second year's support out of the estate of her deceased husband. The ordinary appointed appraisers and they refused to act. Mrs. Minnie Peebles May died with no return having been made. Mrs. Viola A. May was appointed administratrix of the estate of Minnie Peebles May. On May 3, 1954, the ordinary entered an alleged judgment which reads as follows: "The appraisers herein named refuse to act and I have been unable to get any others that will act." On May 5, 1954, no return having been made, the plaintiff in error here attempted to file a pauper's affidavit and an appeal to the Superior Court of Glascock County from the purported judgment above set out. The ordinary refused to allow the appeal filed stating that he did so because the costs had not been paid. The plaintiff in error then filed her petition for mandamus to require the ordinary to allow the appeal filed. The ordinary filed his general demurrer to the petition, which was duly sustained. The exception here is to that judgment. *Held:*

It was contended on the hearing for mandamus, and is contended in this court, that the only question presented was whether or not the affidavit in forma pauperis was in proper form. However, the rule is that, if the judgment of the lower court is right for any reason, it must be affirmed. Code § 6-201 provides: "An appeal shall lie to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator. . ." In the instant case, there is no decision or judgment by the court of ordinary which can be the basis of an appeal. The purported judgment which it is sought to appeal to the superior court is simply a statement to the effect that the appraisers appointed by the ordinary have refused to act, and that he has been unable to get any others that will act. If this were appealed to the superior court, there would be nothing to decide. The question of whether or not and how much the applicant for a year's support is entitled to has not been decided and the superior court can not make an initial determination of that question, which it would be required to do if this appeal is permitted to lie. A petition for mandamus will not lie to require the ordinary to allow an appeal from a judgment that has not been rendered. It follows, the judgment of the superior court dismissing the petition for mandamus on general demurrer must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1954—DECIDED OCTOBER 11, 1954.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*Stevens & Stevens,* contra.