40818. ALLEN v. THE STATE.

HALL, Judge. The defendant was convicted of cheating and swindling, and assigns error on the trial court's denial of his motion for new trial.

There was evidence that the defendant sold the witness Dunbar 100 bales of hay and told him that it could be safely stored in a certain barn owned by a third person and Dunbar had it placed there. Dunbar thereafter sold the hay to another buyer. The defendant told another person to whom he owed money that he could take hay from this barn to sell, but did not tell him that some of the hay in the barn was Dunbar's. This person and a buyer then took some hay from the barn. The defendant stopped Dunbar's buyer from taking hay from the barn after he had taken 32 bales, and Dunbar had to make repayment to his buyer. *Held:*

1. The elements necessary for conviction of cheating and swindling (*Code* § 26-7410) are set out in *Goddard v. State*, 2 Ga. App. 154 (2) (58 SE 304). For a learned discussion on this general subject, see Peterson, "Georgia Law of Theft," 12 Mercer Law Rev. 308-342.

The gist of the offense of cheating and swindling is that false representations, or artful practices, were wilfully, designedly used by the defendant with the intent to defraud. *McElmurray v. State*, 76 Ga. App. 604, 608 (47 SE2d 139). This essential element of the crime was not sufficiently shown by the

evidence in this case. *Ray v. State*, 44 Ga. App. 763, 765 (162 SE 861); *Bird v. State*, 65 Ga. App. 29 (14 SE2d 611); *Mach v. State*, 109 Ga. App. 154 (135 SE2d 467).

2. The trial judge is required without request to charge the law governing circumstantial evidence when the conviction must rest entirely on circumstantial evidence, but is not required to charge on this subject without request when there is both direct and circumstantial evidence. *Blocker v. State*, 185 Ga. 322 (195 SE 207). The trial court did not err in overruling the special ground of the motion for new trial in this case.

The trial court erred in overruling defendant's motion for new trial on the general grounds.

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*

DECIDED SEPTEMBER 22, 1964.

*Wyatt & Wyatt, L. M. Wyatt*, for plaintiff in error.
*Wilson P. Darden, Solicitor*, contra.