## 47600.   GALLMAN v. THE STATE.

PANNELL, Judge. Donnie Gallman, having been indicted, tried, convicted and sentenced with two co-defendants for burglary, appeals.

He alleges an insufficiency of evidence, error in failing to instruct on circumstantial evidence, error in charging on a particular statement of facts with emphasis on one witness' testimony and error in so charging when there was insufficient evidence to merit such charge, and error in permitting in-custody statements of the three defendants to be admitted without limiting instructions.

The evidence tying appellant to the offense consists of one witness' testimony that three boys drove up to the scene of the burglary and two boys went into the trailer while one remained in the car. He could not identify the car

or the people. In an out-of-court statement, admitted at the trial, appellant states that on the day of the burglary he loaned his car to one of the co-defendants and stayed at a friend's house while they (co-defendants) had the car. When they returned with the car it contained the stolen items and he felt they did not belong to Exum (a co-defendant), told them he wanted it out of his car, and helped unload the equipment at the house where Exum lived.

1. In view of our holding in part 4 of this opinion, the evidence presented by the State at trial is insufficient to support a verdict of guilty against defendant Donnie Gallman.

2. The trial court erred in failing to charge the jury the law relating to circumstantial evidence, even without request. Where the evidence is wholly circumstantial it is error requiring the grant of a new trial for the judge to fail to instruct on the law of circumstantial evidence, even in the absence of a timely and appropriate written request. *Sellers v. State,* 32 Ga. App. 447 (123 SE 722); *Flynn v. State,* 88 Ga. App. 709 (77 SE2d 559) and cits. Where there is both direct and circumstantial evidence, the trial judge is not required to charge on the subject of circumstantial evidence without request. *Blocker v. State,* 185 Ga. 322 (195 SE 207); *Allen v. State,* 110 Ga. App. 294 (138 SE2d 431). The incriminating evidence against appellant was all circumstantial. Appellant's out-of-court statement, admitted at the trial, was exculpatory and not incriminatory.

3. The trial court erred in charging the jury on a particular statement of facts, thereby calling attention to and placing emphasis upon one witness' testimony. Only one witness testified three boys were involved in the burglary as indicated in the narrative, supra. The trial judge instructed: "If you find that two of the three defendants now on trial entered through the window of the prosecutor's trailer and that such trailer was being used as a dwelling with the intent to steal therefrom and that the other defendant stayed in the car in which the de-

fendants came to the scene and in which they left the scene and that the defendant staying in the car acted as a lookout and all three defendants left in said car with items stolen from the trailer and the defendant who did not enter the trailer did, however, intentionally aid and abet the other defendants in the commission of the crime of burglary by acting as a lookout, then such defendant would be a party and would be guilty along with the other two defendants."

The quoted instruction is the only non-generalized instruction, tailored to the evidence, used by the trial court in the trial. There was no evidence admissible against appellant that anyone "acted as a lookout." The court then cautioned the jury: "In giving you this charge and the entire charge, you will understand that the court is not expressing any opinion as to what any fact in this case is because you are the judges of the facts, but the court is giving you the law which is applicable for your consideration and which you will apply along with the facts in this case, as you find the facts to be, in arriving at a verdict." *Code* § 81-1104 provides: "It is error for any judge of a superior court, in any case, whether civil or criminal or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused. . ."

It has long been held that "The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict. In delivering his charge the trial judge should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues in the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury either

seem to be an argument or amount to the expression or intimation of an opinion thereon." *Thomas v. State,* 95 Ga. 484 (3) (22 SE 315). See also, *Davis v. State,* 91 Ga. 167 (2) (17 SE 292); *McVicker v. Conkle,* 96 Ga. 584 (3) (24 SE 23); *Suddeth v. State,* 112 Ga. 407 (2) (37 SE 747).

In the case sub judice, we conclude the court erred in singling out the testimony of the sole witness linking appellant to the offense and outlining a theory of criminal culpability supported by that testimony but not advanced during the trial. The evidence was not sufficient to merit such a charge.

4. The court did not err in permitting a witness for the State to read the in-custody statements of the three defendants on trial to the jury without charging the jury the provisions of *Code* § 38-414, but the statements of the co-defendants have no probative value against appellant. Appellant's statement could be considered exculpatory and not incriminating. Only in the statement of a co-defendant is appellant tied to the offense. No objection on this ground was made at trial and there was no request for limiting instructions.

Inasmuch as no objection on the ground was made to the statements at trial, and no special instruction requested, such objections are waived. *Code* § 24-3342, Rule 42; *Code Ann.* § 24-3362, Rule 62. As to appellant, however, statements of co-defendants made after the enterprise is ended, are not admissible. *Code* § 38-414. *Green v. State,* 115 Ga. App. 685 (2) (155 SE2d 655); *Smith v. State,* 123 Ga. App. 269, 271 (180 SE2d 556).

The absence of objection does not increase the probative value of hearsay evidence. The conviction and sentence is reversed.

*Judgment reversed. Quillian, J., concurs. Hall, P. J., concurs in Divisions 1, 2, and 4, and in the judgment.*
SUBMITTED OCTOBER 4, 1972—DECIDED JANUARY 22, 1973.

*Kelley & Allen, Roy Benton Allen, Jr.,* for appellant.
*W. J. Forehand, District Attorney,* for appellee.