## 61364. TIMBERLAKE v. THE STATE.

McMurray, Presiding Judge.

Defendant was convicted of the offense of arson in the third degree and sentenced to five years in the penitentiary. Defendant

appeals. *Held:*

1. The state's evidence shows that the defendant and a business partner, Evans, each owned one-half of the shares of a corporation engaged in the restaurant business with corporate headquarters and two of its places of business located adjacent to each other on Copeland Road in Atlanta, Georgia. The businesses operated by the corporation were the *Beef Cellar,* a restaurant and *Copperfield's,* a club where the sale of alcohol represented a greater portion of the revenue than of food.

On September 11, 1979, Evans was driving his company vehicle, a red, 1978 BMW. About 6:00 p.m. Evans and the defendant went into the *Beef Cellar* where they discussed business matters and began drinking in celebration of the corporation's having received a substantial construction loan. Later in the evening, perhaps as late as 10:00 p.m., Evans and the defendant, along with other employees of the corporation, had dinner together at the *Beef Cellar.* About 10:30 p.m., Evans and the defendant went outside to Evans' company car in order for the defendant to see some cash in a plastic bag which had been placed in the trunk of the automobile. Sometime between 10:00 and 10:30 p.m., Herbert Edwards, the operator of a nearby gasoline station, entered *Copperfield's,* ordered a beer and instructed that it be placed on defendant's tab as, "I have a job to do." A short time later Edwards was seen driving a wrecker towing a "burgundy" BMW automobile from the parking lot accompanied by an unidentified second individual in the cab of the wrecker. Sometime between 11:00 and 12:00 p.m. Edwards arrived at the gasoline station at which he worked, driving a wrecker and towing a red BMW automobile. Edwards was followed into the gas station by defendant. Edwards and the defendant obtained crowbars and pried open the trunk of the BMW being towed and removed a plastic bag. Edwards then placed a container of gasoline in the wrecker and drove away toward the north followed by defendant in his automobile. Evans started to go home between 12:00 and 12:15 a.m. but found his car (the red BMW) was missing. At some time between 1:00 and 1:30 a.m., Evans' red BMW was found on fire on Highway 400 in Alpharetta, Georgia. The fire which destroyed Evans' BMW was of incendiary origin, a hole having been punched in the gas tank of the vehicle. The vehicle was apparently undamaged prior to the fire except for pry marks around the trunk lid. At approximately 1:15 a.m., Edwards' wrecker ran out of gas and he was given a lift by police back to his gas station.

Edwards died prior to the trial of the case sub judice. See in this connection *Timberlake v. State,* 246 Ga. 488 (271 SE2d 792), although that case has no connection except to explain the bizarre

facts of the case sub judice. However, his declarations to his wife and to an employee at the gas station were admitted into evidence. Edwards' declarations showed that defendant had crawled under the automobile to puncture the gas tank and that Edwards had left the scene before the fire which destroyed the automobile was ignited. Edward's statements also revealed that he was to be paid $3,000 for his part in helping defendant burn the automobile.

With reference to the sufficiency of the evidence and as to an appeal on the general grounds of a motion for new trial, the testimony of the defendant's witnesses can be disbelieved by the fact finders if the state's evidence is sufficient to authorize the verdict of guilty. The state's evidence was sufficient to support and to authorize the verdict of guilty. See *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131). Here it is quite apparent that the jury was willing to believe the sworn testimony of the state's witnesses and disbelieve defendant's evidence.

We have carefully reviewed the trial transcript and record and find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of arson in the third degree. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

2. At the trial two witnesses were permitted, over a hearsay objection, to testify as to the statements made to them by the deceased Herbert Edwards. These statements were concededly hearsay but admitted under the exception to the general hearsay rule set forth in Code § 38-306 as to the declarations of a conspirator. We find no support for defendant's contention that application of the provisions of Code § 38-306 served to deprive defendant of his constitutional right to confrontation under the Sixth Amendment to the Constitution of the United States. See in this regard Dutton v. Evans, 400 U. S. 74, 83 (2) (91 SC 210, 27 LE2d 213).

Code § 38-306 provides that "[a]fter the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Defendant argues that the exception to the hearsay rule provided in Code § 38-306 was inapplicable as there had been no sufficient showing of a prima facie conspiracy to commit arson authorizing the admission of the hearsay statements into evidence. However, the state's evidence upon which the exception (Code § 38-306) is predicated shows more than some general criminal intent on the part of the conspirators, Edwards and the defendant. The state's evidence demonstrating the removal of the automobile from the parking lot,

the driving away from the gas station with the container of gasoline in the wrecker which was towing the vehicle and the damage to the burned out vehicle suggesting arson, was sufficient evidence to prima facie show a conspiracy to commit arson in the third degree.

A conspiracy is deemed to progress until its ultimate purpose is accomplished and may include acts performed and declarations made after the commission of the crime. Conspiratorial efforts to conceal the facts of the crime and the identity of the perpetrators are a continuance of a conspiracy. So long as the concealment phase of a conspiracy continues the declarations of either of the conspirators are admissible against the other. See *Hardy v. State,* 245 Ga. 272, 276 (2) (264 SE2d 209), and cases cited therein. The evidence is clear that the statements made by Edwards and admitted into evidence over objection were made during the concealment phase of the conspiracy. This contention is without merit.

Defendant further argues that assuming that a conspiracy had been established and had not ended at the time of the statements attributed to Edwards, such statements lack the indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement. See in this regard Dutton v. Evans, 400 U. S. 74, 88, supra. "The indicia of reliability required for admissibility are that the statements be non-narrative; that the declarant is shown by the evidence to know whereof he speaks; that the witness is not apt to be proceeding on faulty recollection; and that the circumstances show that the declarant had no apparent reason to lie to the witness . . . It is not required that all of the indicia be present for the statement to be admissible." *Hardy v. State,* 245 Ga. 272, 277, supra. See also *Mooney v. State,* 243, Ga. 373, 390 (3) (254 SE2d 337); Mancusi v. Stubbs, 408 U. S. 204 (92 SC 2308, 33 LE2d 293). In the case sub judice the final three indicia are present; therefore this requirement is satisfied.

The evidence as to the declarations made by Edwards are not "crucial" or "devastating," as these terms are used in Dutton v. Evans, 400 U. S. 74, 87, supra. Additionally, the thrust of the ruling in Dutton v. Evans, 400 U. S. 74, supra, lies in the requirement of certain indicia of reliability. See *Mooney v. State,* 243 Ga. 373, 390, supra. As stated above, the indicia of reliability requirement is satisfied in the case sub judice.

*Knowles v. State,* 246 Ga. 378, 385 (11) (271 SE2d 615), relied upon by defendant, is inapposite on the facts as in that case there was no finding of a sufficient indicia of reliability to excuse confrontation by the declarant.

3. Defendant proffered testimony of Evans as to a remark made

by defendant on the night in question. The proffered testimony showed that defendant was so intoxicated at the time that his memory was affected, thus explaining a delay by defendant in providing certain information to police. The remark which defendant argues is admissible to explain conduct is self serving hearsay and not original evidence of the nature permitted under Code § 38-302. The conduct which the evidence would explain was not the conduct of the witness Evans, who was subject to cross examination and whose demeanor was being examined by the jury, but of the defendant. As the value of the proffered testimony depends on the credibility of one other than the witness on the stand the proffered testimony is hearsay, yet the prerequisites for an exception to the hearsay rule set forth in *Chrysler Mtrs. Corp. v. Davis,* 226 Ga. 221, 224 (173 SE2d 691) are not satisfied. The trial court did not err in excluding the proffered testimony. See *Gale v. State,* 138 Ga. App. 261, 262-263 (3) (226 SE2d 264); *Harrell v. State,* 241 Ga. 181, 185 (1) (243 SE2d 890).

4. The trial court did not err in refusing to give in charge to the jury defendant's second request to charge dealing with the definition of hearsay evidence. The requested charge in large part tracks Code § 38-301 verbatim. However, the insertion of language stating that "[a]s an example, statements alleged to have been made by Mr. Edwards to the witness Mark Ellis do not derive their value solely from the credit of Mr. Edwards, but rest mainly on the veracity of Mark Ellis," placed particular emphasis on the testimony of one witness and was argumentative. *Hunter v. State,* 135 Ga. App. 172, 176 (4) (217 SE2d 172); *Gallman v. State,* 127 Ga. App. 849, 850 (3) (195 SE2d 187). The trial court charged the jury as to the law of conspiracy and that they were not to consider the acts and declarations of the deceased Edwards, the alleged co-conspirator, unless the jury finds first that a conspiracy existed. The charge given as to the status of the declarations made by the deceased Edwards was a correct statement of the law properly adjusted to the facts presented at trial.

5. Defendant contends that the trial court erred in failing to grant a new trial due to the possibility of harmful influence upon the jury by certain newspaper articles. The articles in question were contained in newspapers taken from two jurors. The trial court then made inquiry of all the jurors as to whether they had complied with the court's earlier instructions not to read any materials respecting the case sub judice in the newspaper. No improprieties were revealed by the trial court's inquiry. Defendant now argues that further individual inquiry should have been made. However, no objection was made at trial challenging the adequacy of the inquiry made by the

trial court.

"A party cannot ignore what he thinks is an injustice, take his chance on a favorable verdict and complain later." *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578). See also *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 13, 1981 —
REHEARING DENIED MARCH 27, 1981 —

*Frank E. Coggin, Leslie P. George,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Joseph J. Drolet, Assistant District Attorneys,* for appellee.