36964. GLYNN COUNTY et al. v. PALMATARY et al.

JORDAN, Chief Justice.

This is an appeal from a declaratory judgment and subsequent writ of mandamus entered against appellants Glynn County, its Board of Commissioners, the Building Official, and the Brunswick-Glynn County Joint Planning Commission.

Appellees Palmatary, Hutto, Mazo, Freeman and Edwards owned certain property located on St. Simons Island known as Tract III of the Triangle Planning Area. In 1973, appellees' predecessors in title submitted a Master Plan to the County Commission amending the Glynn County Zoning Ordinance so as to rezone the Triangle Area to Planned Development — General (PD-G).[1] The County

---

[1] The Zoning Ordinance states that the intent of the Planned Development (PD) District, of which the PD-G designation is a sub-classification, is that it "be reserved

Commission approved this amendment, and a copy of the Master Plan containing a zoning reference map along with certain charts is included in this record.

In 1978, the individual appellees entered into an option contract with Charter Medical Corporation and its subsidiary Charter Medical-St. Simons, Inc. (hereinafter collectively referred to as "Charter"). Charter is in the business of owning and operating hospitals and health care facilities around the United States. Charter had previously determined that there was sufficient need in the St. Simons area to justify the construction of a sixty-bed psychiatric hospital. Following this determination, appellees contacted the Executive Director of the Planning Commission Edward Stelle in an effort to assure themselves that Tract III was properly zoned for the construction of a hospital. Stelle informed appellees in unequivocal terms by letter, that Tract III was zoned OC and that a hospital was a conditional use under that classification. Appellee Palmatary testified that Stelle also assured him orally that Tract III was zoned OC. Based on these assurances, Charter entered into the option contract and proceeded to secure the necessary state and federal approval for the construction of its hospital.

Appellees applied to the Planning Commission for site plan approval. The Planning Commission took the position during its deliberation over appellees' application that Tract III was not zoned OC. Instead, the Commission decided that the only use for which Tract III was appropriately zoned was as a "small residential scale office park related to resident services and employment opportunities," a use listed in the Master Plan. Considering the site plan approval application as a proposed amendment to the Zoning Ordinance, the Planning Commission denied the application. Thereafter, the County Board of Commissioners also voted to deny the application.

Appellees brought this suit seeking a writ of mandamus, a declaratory judgment, and an injunction against appellants from any further interference with appellees' proposed construction of the

for the establishment and continuance of shopping centers, group housing projects, planned industrial developments, medical centers, urban renewal projects and similar types of large-scale compatible use developments. The regulations which apply within this district are designed to encourage the formation of such planned developments when and as appropriate and *to permit the greatest latitude possible with respect to:* (1) internal site planning considerations; and (2) the location of these developments within the unincorporated portions of Glynn County in the best interest of long-range development plans of the County." (Emphasis supplied.) Glynn County Zoning Ordinance § 713.1.

hospital. The trial court, after a full hearing, entered a declaratory judgment on May 14, 1980, holding that appellees had a vested right to construct the hospital and ordered appellants to process appellees' site plan approval application within thirty days from the date of the order.

On June 11, 1980, appellants filed a notice of appeal from the May 14 order. Appellants believed that the notice of appeal served to supersede the May 14 order and suspended their processing of appellees' application.

On June 25, 1980, appellees filed a motion for a writ of mandamus. Following a hearing held on this motion on July 1, 1980, a writ of mandamus was issued on July 9, 1980, directing appellees to process appellees' application as expeditiously as possible but in no case later than August 7, 1980.[2]

Appellees filed a notice of appeal from this order and filed a motion for supersedeas in this court. The motion for supersedeas was granted on July 17, 1980, but vacated three days later. Consequently, on August 7, 1980, appellants approved, involuntarily, appellees' site plan application. Appellants enumerate six alleged errors on appeal.

1. Appellees have moved to dismiss this appeal as moot on the basis that the relief appellees originally prayed for has now been granted in that their site plan application has been approved.

We agree with appellants though that the fundamental dispute between these parties is the zoning classification of Tract III. The trial judge held that "the permitted land use for [Tract III] was those uses permitted under office commercial, as defined in the Zoning Ordinance." Appellants contend that if this finding is reversed then appellees will not be entitled to the issuance of additional permits required before the hospital can actually be constructed. Additionally, appellants took every step in their power to have the trial court's May 14 order superseded pending appeal, including requesting a stay from the trial court and moving this court for supersedeas. See *Wilkerson v. Chattahoochee Parks,* 244 Ga. 472 (260 SE2d 867) (1979). This is not a case as was *Carter v. Burson,* 229 Ga. 748, 749 (194 SE2d 472) (1972), wherein we held that the appeal was moot since "no further judgment or order of this court in this appeal can in any wise affect the rights of the parties."

---

[2] Appellees submit that they were compelled to seek expeditious enforcement of the May 14 order as they were attempting to meet a September 4, 1980, deadline to begin construction imposed on them by federal and state authorities.

Appellees' motion to dismiss the appeal as moot is therefore denied.

2. The April 7, 1980, hearing held by the trial court was a mandamus nisi hearing. Appellants had filed a written demand for a jury trial. At the hearing, appellees presented their evidence, but appellants instead of presenting any evidence asked the trial court to rule on the issues as a matter of law. Appellants contend now that issues of fact existed that should have been resolved by a jury. See Code Ann. § 110-1103.

We agree with the appellees that the basic issue presented to the trial court at the mandamus nisi hearing was one of statutory interpretation of the subject zoning laws, and their constitutionality. Such a determination is a function for the court and not a jury. See *Guhl v. Davis,* 242 Ga. 356 (249 SE2d 43) (1978). There is no merit to this enumeration of error.

3. Four enumerations of error (C, D, E and F) have at their heart the issue of how this property is actually zoned. The trial court ruled that appellees have a vested right to have their site plan application approved. Appellees argue that, in addition to the vested right theory, they have been entitled all along to construct the hospital because Tract III is zoned OC.

Looking at this record as a whole and taking the arguments advanced by both sides into account, we conclude that Tract III is zoned OC. The Master Plan contains a Zoning Reference Map which shows Tract III zoned OC. There is a "Statistical Summary of Resort and Commercial Land Uses" chart which designates Tract III's use as "office." The Master Plan contains the following language: "Development standards for each proposed use of the land are provided in the Glynn County Zoning Ordinance and would serve as the basis for preparation of final development plans." Section 705.3 (c) of the Zoning Ordinance states that community hospitals or clinics are conditional uses under the OC designation. Section 705.4 states that "[u]nless otherwise specified elsewhere in this Ordinance, uses permitted in OC...Zoning Districts shall be required to conform to the following *standards* . . .," after which requirements such as minimum lot size and front yard area are set out.[3]

There are no provisions in the Zoning Ordinance designating any zoning classification as "office" or "commercial"; there is only

[3] We agree with appellees that the terms "standards" and "uses" are frequently used interchangeably in the Master Plan. Nowhere in the Zoning Ordinance or in the Master Plan are these terms defined so as to be able to make a clear distinction between the two as appellants urge.

the one classification encompassing these two terms and that is the "Office Commercial" classification. Under this classification, appellees' proposed hospital is a conditional use.

"Georgia follows a majority of states in holding that zoning ordinances should be strictly construed in favor of the property owner, and ambiguities in the language of zoning ordinances should be resolved in favor of the free use of property." *Fayette County v. Seagraves,* 245 Ga. 196, 197 (264 SE2d 13) (1980). The Master Plan, as a duly enacted amendment to the Zoning Ordinance, does not lend itself to the most precise determination of Tract III's zoning. However, this court is convinced that a constitutionally reasonable interpretation (see *Guhl v. M. E. M. Corp.,* 242 Ga. 354 (249 SE2d 42) (1978)) of the language of the Master Plan, particularly viewing the Zoning Reference Map contained therein, is that Tract III is zoned OC. Therefore, the trial court did not err in holding that appellees were entitled to have their site plan application approved and in enforcing its order through the subsequent issuance of a writ of mandamus.

In accordance with our holding that Tract III is zoned OC, we need not address appellants' enumeration of error B concerning the trial court's conclusion that appellees had a vested right to construct the hospital. We conclude that the trial court was correct in its result for the above-stated reasons. A lower court's judgment correct for any reason will be affirmed. *May v. Hadden,* 211 Ga. 84 (84 SE2d 65) (1954).

*Judgment affirmed. All the Justices concur, except Undercofler, J., who dissents.*

DECIDED MAY 13, 1981.

*Thomas J. Lee, Jennifer L. MacMillan,* for appellants.
*Trotter, Bondurant, Griffin, Miller & Hishon, H. Lamar Mixson, James B. Gilbert, Jr.,* for appellees.