64338. MADDOX v. ALLSTATE INSURANCE COMPANY
et al.

SHULMAN, Presiding Judge.

This action on a retail vehicle lease was initiated by the lessor of an automobile leased by appellant. The automobile was allegedly stolen and wrecked in February 1979. Appellant answered the suit, denying liability, and brought a third-party action against appellee, her insurer. Appellee denied liability on the automobile insurance policy on the ground that the policy had been cancelled for

nonpayment of premiums approximately six months prior to the theft of appellant's vehicle. This appeal is from the trial court's grant of the appellee/insurer's motion for summary judgment and the denial of appellant's cross motion.

1. Appellant argues that the trial court's grant of summary judgment in favor of appellee was error because of appellant's assertion in her affidavit that she never received the notice of cancellation as required by Code Ann. § 56-2430. The latter section provides that an insured must receive 10 days notice prior to the cancellation of an automobile insurance policy due to nonpayment of premiums. However, as the statute provides, notice is effective upon the deposit of "such notice in the United States mails to be dispatched by at least first class mail to the last address of record of the insured and receiving therefor the receipt provided by the United States Post Office Department." Code Ann. § 56-2430. The appellee in the present case presented by way of affidavit a copy of the notice allegedly mailed to appellant and the lessor along with the "PORS" list on which appellant's and the lessor's names and addresses appeared. "The PORS list was stamped by postal authorities to indicate receipt of the letters addressed to those persons appearing on the list. The trial court properly held that this list 'constituted the Post Office receipt for the mailing' (*Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 745 (216 SE2d 127)), within the contemplation of Code Ann. § 56-2430." *Hill v. Allstate Ins. Co.,* 151 Ga. App. 542, 543 (260 SE2d 370). Consequently, "whether notice of cancellation had in fact been received by the insured [or lessor or lienholder] is legally irrelevant and is not an issue which would preclude summary judgment." Id.

2. Appellant also argues that appellee has failed to demonstrate the absence of a genuine issue of material fact concerning whether appellant was delinquent in paying premiums under the policy. In opposition to appellee's motion for summary judgment, appellant filed an affidavit in which she set forth her admittedly speculative interpretations of the amount of premiums owed and paid pursuant to her various automobile insurance policies with appellee. The affidavit also set forth her "impression" that a $46 payment made in August 1978 covered the premium due through February 1979, when her vehicle was allegedly stolen. The affidavit does not state that it was based upon the personal knowledge of the affiant, although this does not automatically render it deficient under Code Ann. § 81A-156 (e). *Smith v. Ragan,* 140 Ga. App. 33, 34 (230 SE2d 89). Nevertheless, it is clear that the affidavit, which consists of a recitation of appellant's assumptions and speculations regarding the subject policy of insurance and premiums payable under that policy, is not

based on personal knowledge of specific facts for jury determination. *Healthdyne, Inc. v. Henry,* 144 Ga. App. 52, 54 (240 SE2d 259). Appellant's affidavit is not sufficient to rebut the affidavit of appellee's employee, which established the overdue premium at the time of the cancellation, and has not created a genuine issue of material fact on the question of nonpayment of premiums. Accordingly, the trial court properly granted summary judgment to appellee.

3. Since the trial court properly granted appellee's motion for summary judgment, it was not error for the court to deny appellant's motion for summary judgment.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 4, 1982 —
REHEARING DENIED OCTOBER 19, 1982.

*John W. Stokes, Jr.,* for appellant.
*Homer S. Mullins, Brian A. Boyle, Dennis J. Webb, Diane Q. House,* for appellees.