## 65586. SPELL et al. v. BIBLE BAPTIST CHURCH, INC. et al.

McMURRAY, Presiding Judge.

This case involves a challenge to expulsion from this Bible Baptist School, a private, parochial school, including day care and nursery through high school. Several classmates had a "beach party"

in lieu of participating in the school senior class trip, and they left a rented apartment damaged, dirty and strewn with beer cans and whiskey bottles, pornographic magazines, vomit and other litter. When confronted with this by school officials Spell denied being involved and then became extremely belligerent. He and four others were expelled.

This expelled student and his parents filed suit against the school and school officials, alleging that he was expelled unfairly and that the unfair expulsion constituted a breach of contract by defendants.

Defendants filed a motion for summary judgment supported by affidavits, sworn and unsworn statements and depositions. Plaintiffs did not file any counter-affidavits. The trial court granted defendants' motion, and plaintiffs appeal. *Held:*

1. In their motion for summary judgment, as supported by affidavits and other evidence, defendants established that they had the right to expel plaintiff student and that they expelled him with good cause and by fair means. Drinking alcoholic beverages and immoral conduct were both dismissal offenses under the school's rules and regulations, and the plaintiff student was given notice and an opportunity to be heard prior to the rendering of the decision. Defendants thus pierced the allegations of the pleadings and the burden then was upon plaintiffs to refute this evidence or to at least produce sufficient evidence to show that a genuine issue existed. OCGA § 9-11-56 (e) (formerly Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)). Plaintiffs, however, neither filed any counter-affidavits nor presented any other evidence in response to defendants' supported motion for summary judgment. Therefore, the trial court correctly entered summary judgment against plaintiffs. OCGA § 9-11-56 (e) (Code Ann. § 81A-156), supra; *Sumner v. Adel Banking Co.*, 244 Ga. 73, 77 (5) (259 SE2d 32).

2. In response to defendants' motion for summary judgment plaintiffs filed a motion to strike several of the affidavits, including the sworn and unsworn statements, supporting the motion. Plaintiffs asserted in the motion, and contend on appeal, that the statements were in improper form and two of the affidavits were defective in form and that they and the others contained irrelevant, inflammatory and hearsay evidence. The sworn statement in the form of questions and answers was a deposition in which no notice or opportunity to cross-examine the witness was given. For the above reasons, this evidence was inadmissible and should be stricken. See OCGA § 9-11-56 (e) (Code Ann. § 81A-156), supra. Plaintiffs then argue that "it must be assumed that [the trial court] considered all

the affidavits, including the inadmissible ones." Plaintiffs are incorrect in positing that "it must be assumed" that the trial court erred. We do not presume error, it must be shown. OCGA § 24-4-24 (b) (2) (formerly Code § 38-114). Plaintiffs have failed to show that the trial court considered any inadmissible evidence in reaching its decision. They have failed to rebut the presumption that the trial court recognized the inadmissible evidence and disregarded it.

Moreover, even if the trial court had considered some inadmissible evidence we would not find it to be reversible error in the case sub judice because the uncontroverted admissible evidence demanded the judgment. See *Glynn County v. Palmatary,* 247 Ga. 570, 574 (3) (277 SE2d 665); *White Repair &c. Co. v. Ga. Roofing &c. Co.,* 152 Ga. App. 92, 93 (262 SE2d 164); *C. C. Leasing Corp. v. Bd. of Tax Assessors of Hall County,* 143 Ga. App. 520, 521 (239 SE2d 204).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 11, 1983 —
REHEARING DENIED MARCH 25, 1983 —

*Julian H. Toporek,* for appellants.
*J. Walter Cowart,* for appellees.