67129, 67130. EUBANKS v. RHODES, INC. et al. (two cases).

SHULMAN, Presiding Judge.

These two cases arose from the same automobile accident and were consolidated in the trial court for hearing on a motion for summary judgment. On May 27, 1979, appellants James Eubanks and his mother, Louise Eubanks, were injured in an automobile collision when the vehicle Mr. Eubanks was driving was struck by an automobile driven by an uninsured motorist. Mr. Eubanks was an employee of appellee Rhodes, Inc., which provided him with the car he was driving at the time of the collision. The insurance that Rhodes carried on the automobile, issued by Central National Insurance Company of Omaha ("Central"), provided uninsured motorist coverage only for that portion of a judgment against the uninsured motorist exceeding $100,000.

On January 15, 1981, appellants each filed suit against the driver and the owner, alleging negligence and claiming damages for medical expenses and other items. In May of 1982, approximately three years after appellants' accident and after appellants had erroneously or

belatedly served several insurance companies, Rhodes and its parent company, Unicapital Corporation, were served as providers of uninsured motorist benefits. Unicapital moved to dismiss the case on the grounds that Mr. Eubanks was not its employee and that the automobile Eubanks was driving was not owned or leased by Unicapital. The trial court granted Unicapital's motion to dismiss.

Rhodes moved for summary judgment on the grounds that appellants' claims were barred by the two-year statute of limitation and, alternatively, that Rhodes was not an uninsured motorist carrier for appellants. Rhodes' motion for summary judgment was granted and it is from that action that appellants have appealed to this court.

1. Appellants argue that their claims against Rhodes are not precluded by the statute of limitation because of the application of the "relation-back" rule as codified in OCGA § 9-11-15 (c) (Code Ann. § 81A-115). However, since a meticulous review of the record reveals that Rhodes was entitled to summary judgment on the merits of the case, it is unnecessary to determine the validity of its statute of limitation defense. See *Glynn County v. Palmatary,* 247 Ga. 570, 574 (277 SE2d 665).

2. Appellants contend that Rhodes was a self- insurer in regard to uninsured motorist benefits up to $100,000. Appellants base that claim on inferences drawn from the behavior of a claims adjuster acting on behalf of Rhodes and on the allegation that it was Rhodes' "company policy" to provide its employees uninsured motorist benefits up to the $100,000 "deductible" set out in its policy with Central.

Rhodes rebutted appellants' assertions by producing its Central policy, which stated on its face that the policy covered only that part of uninsured motorist claims which exceeded $100,000. Rhodes then submitted the affidavits of two employees of Rhodes' insurance broker, Johnson and Higgins of Georgia. The affiants, one of whom was a vice-president, averred that Rhodes' Central insurance policy was the only policy it held at the time of the Eubanks' accident. They further averred that Rhodes had not qualified as a self-insurer under the provisions of OCGA § 40-9-101 (a) (Code Ann. § 68C-602). That statute requires potential self-insurers to obtain a certificate of self-insurance from the Department of Public Safety, which certificate would be issued only if the company made application and appeared to have the capacity to handle such claims. In *Commercial Union Ins. Co. v. Ins. Co. of North America,* 155 Ga. App. 786, 788 (273 SE2d 24), this court held that, in the absence of compliance with the above statutory requirements, a company could not qualify as a "self-insurer" as defined in OCGA § 33-34-2 (12) (Code Ann. § 56-3402b).

In light of the foregoing evidence, we hold that Rhodes was not liable to appellants for the $100,000 of uninsured motorist benefits not covered by Rhodes' policy with Central. The fact that the Central policy excluded the first $100,000 of uninsured motorist benefits does not in and of itself obligate Rhodes to pay any amount less than that regarding claims by an employee. To be so obligated, Rhodes would have to have qualified under state law as a self-insurer and, as noted above, this was not done. Therefore, there is absolutely no written verification of any liability on Rhodes' part. Additionally, there is no evidence to support appellants' claim that it was Rhodes' unwritten company policy to provide comprehensive uninsured motorist benefits to its employees.

Accordingly, the trial court correctly granted Rhodes' motion for summary judgment in both cases.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 13, 1984 —
REHEARING DENIED FEBRUARY 3, 1984 —

*Richard L. Stumm,* for appellants.
*Alfred A. Lindseth, Patricia B. Cunningham, Marvin P. Nodvin,* for appellee.