66929. CARLOS JONES CONSTRUCTION COMPANY, INC. et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION et al.

SOGNIER, Judge.

The Federal Deposit Insurance Corporation (FDIC) and the trustee of the estate of the Hamilton Mortgage Corporation (HMC) sued Carlos Jones Construction Company, Inc. (CJCC, Inc.) and Carlos Jones on several notes and guaranties. The note which is the subject of this appeal was executed in April, 1973, by CJCC, Inc. in favor of HMC in the original amount of $540,000, and later increased to $575,000. Carlos Jones guaranteed the note. Hamilton National Bank of Chattanooga owned 99.9% of the note as of February 1976, at which time the Bank was declared insolvent by the Comptroller of the Currency. The note then came under the control of the FDIC as receiver of the Bank. The FDIC in its corporate capacity then

purchased the note from itself as receiver and brought the instant action to recover the balance due. Shortly thereafter the FDIC became the sole owner of the note, purchasing the remaining .1% from the trustee in bankruptcy for HMC, who then dismissed his claim.

The trial court initially denied the FDIC's motion for summary judgment for the amount of the balance. While granting partial summary judgment in favor of the FDIC on the issue of liability on the note, the court ruled that questions of fact remained as to the amount due, if any. The FDIC then filed a second motion for summary judgment supported by additional evidence and the trial court granted summary judgment for the deficiency balance of $108,882.98 plus pre- and post-judgment interest. CJCC, Inc. and Jones appeal.

Appellants contend that issues of fact remain as to the amount of the deficiency due, if any, and that the trial court erred in granting summary judgment in favor of appellee in the amounts awarded as principal and pre-judgment interest.

In their affidavits, appellants admitted execution of the note and guaranty, but denied that any amount was owing appellee, claiming that interest charged was incorrect and that credit was not given for numerous payments. These conclusory allegations were insufficient to create an issue of fact for trial. *Pollard v. First Nat. Bank,* 169 Ga. App. 598 (313 SE2d 785) (1984); *Concept-Nat. v. DiMattina Sup. Co.,* 147 Ga. App. 865, 866 (250 SE2d 552) (1978); *Hathcock v. Nat. Bank of Ga.,* 147 Ga. App. 134 (248 SE2d 206) (1978); *Ambrose v. E. F. Hutton & Co.,* 146 Ga. App. 403, 404 (2) (246 SE2d 423) (1978). However, appellants did set forth in their affidavits as specific averments of fact, the following: that $80,000 had been retained and never disbursed on the loan and that proceeds in the amount of $210,000 from the foreclosure on real estate securing the loan were never credited.

The burden to show that there is no genuine issue of material fact rests on appellee as the party moving for summary judgment. *Citizens Bank v. Barber,* 123 Ga. App. 507, 508 (2) (181 SE2d 545) (1971); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4-5 (126 SE2d 442) (1962). In support of its second motion for summary judgment, appellee submitted the affidavit of a former HMC employee who testified that the entire amount of the loan had been disbursed either by payment to the borrower or advances for accrued and unpaid interest. This fact was conclusively established by the figures contained in a loan disbursement sheet submitted with the employee's affidavit and identified as a record made in the regular course of business. Thus, appellee carried its burden of proof as to the

$80,000 in question, so that no factual issue remains in regard to the amount disbursed on the loan.

However, the loan disbursement sheet did not reflect the crediting of the $210,000 foreclosure proceeds and appellee submitted no other admissible evidence to show the crediting of this amount. While there appears in the record, labelled "Exhibit D," an accounting of the foreclosure proceeds and computation of the deficiency balance, we find no identification of this document in anyone's affidavit showing it to be either a business record (see *Wickes Lumber v. Energy Efficient Homes,* 157 Ga. App. 303 (1) (277 SE2d 298) (1981)) or a summary of business records (see *Tyner v. Sheriff,* 164 Ga. App. 360 (2) (297 SE2d 114) (1982)). We are thus unable to consider this document because it would not be admissible as evidence. See OCGA § 9-11-56(e) (Code Ann. § 81A-156). We note in this regard the well-established rule that "[s]ummarized statements of what books of account and records show are admissible, provided the books and records themselves are accessible to the court and the parties. *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 363 (2) (223 SE2d 757) (1976) and cits." *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 79 (237 SE2d 622) (1977). We have painstakingly searched the record for an evidentiary basis upon which we might apply the holdings in *Cotton* and *Vaughn,* supra, to authorize our consideration of appellee's "Exhibit D." However, no such basis could be found. See in this regard *Tyner,* supra; *Jackson v. Meadows,* 157 Ga. App. 569, 572 (2) (278 SE2d 8) (1981); *A. S. Wikstrom, Inc. v. Norair Engineering Corp.,* 156 Ga. App. 49, 50 (2) (274 SE2d 28) (1980); *Hope Elec. v. Gemini Constr. Co.,* 146 Ga. App. 636, 637 (2) (247 SE2d 149) (1978).

The only arguably admissible evidence submitted by appellee even mentioning the disposition of the foreclosure proceeds was the affidavit of the FDIC liquidator for Hamilton National Bank who stated that the real property was foreclosed and sold at public auction for the sum of $210,000, leaving a deficiency of $65,834.11. On appellee's second motion for summary judgment, however, the amount claimed as deficiency was $108,882.98. Resolving this discrepancy in favor of appellants as the non-moving parties, we find that appellee has failed to carry its burden of producing evidence to conclusively establish that no factual issues remain as to the crediting of the entire foreclosure proceeds. See *Lewis v. Citizens &c. Nat. Bank,* 139 Ga. App. 855, 861 (229 SE2d 765) (1976). Thus, the trial court erred in granting summary judgment in favor of appellee for the amount awarded. See *Pollard,* supra; *Foskey v. Smith,* 159 Ga. App. 163, 164-165 (283 SE2d 33) (1981); *Scroggins v. Whitfield Finance Co.,* 152 Ga. App. 8, 10 (262 SE2d 168) (1979). Cf. *Garrett v. Atlantic*

*Bank &c. Co.,* 157 Ga. App. 103, 104 (276 SE2d 152) (1981).
*Judgment reversed. Deen, P. J., and Pope, J., concur.*

Decided February 7, 1984 —
Rehearing denied February 22, 1984.

*Jimmy W. Jones,* for appellants.
*Albert Sidney Johnson, Harmon W. Caldwell, Jr., James H. Rollins, Julie Childs,* for appellees.