71016. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. HARRIS et al.
(341 SE2d 472)

BIRDSONG, Presiding Judge.

Gerry Harris (appellee) filed suit against Bobby Taylor (appellee) seeking to recover damages as the result of an automobile collision. Taylor called upon his insurer, appellant State Farm Mutual Automobile Insurance Company (State Farm), to defend the tort suit against him. State Farm's response was to file the instant declaratory judgment action, seeking an adjudication that Taylor's policy had been canceled for non-payment of premium prior to the automobile collision involving Harris. State Farm subsequently moved for summary judgment, supporting its motion by the submission of two affidavits which dealt with the issue of notice by mail to Taylor informing him of the cancellation of his policy. Attached as an exhibit to one of State Farm's affidavits was a copy of the written notice of cancellation which was addressed and mailed to Taylor. Attached as an exhibit to the other affidavit was a stamped copy of a PORS list containing Taylor's name and address. State Farm later filed "amended" affidavits in which the affiants corrected certain typographical errors which had appeared in their original affidavits. Copies of the cancellation notice and the PORS list were likewise attached to these "amended" affidavits.

In opposition to State Farm's motion, Taylor filed his own affidavit, stating that he had not received written notice of the cancellation of his policy. On this evidence, the trial court denied State Farm's motion, but certified its order for immediate review. State Farm's application to this court for an interlocutory appeal was granted. State Farm enumerates as error the failure of the trial court to grant it summary judgment, asserting there were no disputed issues of fact establishing that notice of cancellation of his policy of insurance had

been served upon Taylor prior to the accident. *Held*:

State Farm contends that *Maddox v. Allstate Ins. Co.*, 164 Ga. App. 21 (296 SE2d 84) is controlling authority in the instant case. In *Maddox*, the insurer "presented by way of affidavit a copy of the notice allegedly mailed to [the insured] along with the 'PORS' list on which [the insured's name and address] appeared. 'The PORS list was stamped by postal authorities to indicate receipt of the letters addressed to those persons appearing on the list. . . . [T]his list "constituted the Post Office receipt for the mailing" [cit.], within the contemplation of [OCGA § 33-24-44].' [Cit.] Consequently, 'whether notice of cancellation had in fact been received . . . is legally irrelevant and is not an issue which would preclude summary judgment.' [Cit.]" *Maddox v. Allstate Ins. Co.*, supra at 22.

One of the two (amended) affidavits offered in support of State Farm's motion for summary judgment reflects: "2. As part of [Sandifer's] duties as Operations Superintendent with State Farm he is involved in the cancellation of policies for the non-payment of premium and has personal knowledge of communications with policyholders on such matters. 3. All business [records] herein referred to are under my custody and control and the records are true and correct and were made in the ordinary course of business. 4. [A] review [of the business records of Bobby Taylor reflected] that a cancellation notice for non-payment of premium was mailed to the insured at his last known address . . . on May 20, 1983."

The other (amended) affidavit shows that the "affiant's duties as postal operator with State Farm . . . [involved] the mailing of cancellation notices . . . for the non-payment of premium. . . . [A] cancellation notice for non-payment of premium was mailed to [Taylor] at his last known address . . . on May 20, 1983." Included with the cancellation notice was the PORS List properly stamped by the Jacksonville Post Office and attached to the affidavit as Exhibit "A."

These two affidavits allow no other conclusion than that the operations superintendent had the responsibility for *all* correspondence dealing with the preparation, mailing and filing of cancellation of policies for non-payment of premium. He affirmed that he had reviewed *all* the records pertaining to the cancellation of Taylor's policy; that he was familiar with those records and those records were made in the ordinary course of business. He also affirmed that the records to which he was making reference were true and accurate copies of records on file which were in his custody and under his control. He stated two basic facts: (1) That a mailing had occurred on May 20, 1983; and, (2) that included a notice of cancellation for non-payment of premium. The affiant thus affirmatively stated that he had examined business records which necessarily had to include the PORS List which showed (1) the mailing of (2) a notice of cancellation. The

affiant thus could identify these documents as being on file but he could not affirm that an actual mailing occurred. However, the second affiant did affirm that the copy of the PORS List and notice of cancellation previously identified by the operations superintendent as official business records was in fact carried by her to the post office on May 20 and placed in mail channels.

While it is true that the first affidavit has attached to it as an exhibit only a copy of the actual notice of cancellation and the second affidavit has as an exhibit only the PORS List, this identification by each affiant properly was limited by the facts of which each affiant had personal knowledge. The operations superintendent as custodian could only identify documents on file which included *all* documents dealing with the mailing of the cancellation notice and the cancellation notice itself. Not having mailed the notice, the superintendent could not certify the mailing. Likewise, the postal operator could not certify as to the existence nor character of documents not under her control or custody but could (and did) certify that the purported mailing did in fact occur.

Under these facts, Taylor strains the proverbial gnat to say that the trial court was not presented with a sufficient basis to establish both the PORS List and notice of cancellation as business records on file with State Farm. Moreover, OCGA § 33-24-44 provides that notice is effective upon deposit in the U. S. mails with the issuance of an appropriate receipt, that the mail was in the hands of the postal authorities. The stamped PORS list constitutes such receipt. The statute only requires proof of mailing, not receipt by the insured of the notice of cancellation. *Maddox v. Allstate Ins. Co.*, supra. Once it was established that the PORS list was admissible in evidence as a business record under the facts shown in this record, and the facts show a mailing of a notice of cancellation of coverage, then summary judgment should have been granted to State Farm. We so hold.

*Judgment reversed. Banke, C. J., Sognier, Pope, Benham, and Beasley, JJ., concur. Deen, P. J., and Carley, J., dissent. McMurray, P. J., disqualified.*

CARLEY, Judge, dissenting.

I agree with the majority in its implicit holding that the "amended" affidavits were admissible for the purpose of correcting typographical errors in earlier affidavits. I also agree with the majority's observation of the well established principle that OCGA § 33-24-44 "only requires proof of mailing, not receipt by the insured of the notice of cancellation." (Majority opinion p. 828) I further agree that this case must be resolved on the basis of *Maddox v. Allstate Ins. Co.*, 164 Ga. App. 21 (296 SE2d 84) (1982). However, I cannot concur with the majority's holding because I am unable to find from the record

that the copy of the PORS list submitted by appellant in this case is probative and admissible under the statute.

It does not appear that there was any issue in *Maddox* as to the underlying admissibility of the PORS list attached to the affidavit therein. *Hill v. Allstate Ins. Co.*, 151 Ga. App. 542, 543 (260 SE2d 370) (1979) was cited as authority in *Maddox*. The *Hill* decision, in turn, specifically recognized that a PORS list is a "compilation prepared in [the insurer's] ordinary course of business containing the names, addresses, and policy numbers of all those policyholders whose policies were to be cancelled by mail. . . . *As to the admissibility of this list*, see *Allstate Ins. Co. v. Buck*, 96 Ga. App. 376 (100 SE2d 142) [(1957)]." (Emphasis supplied.) This earlier holding in *Allstate Ins. Co. v. Buck*, supra, as to the admissibility of a PORS list was to the effect that such a document would be "admissible *as a business record* under the Business Records Act, Ga. L. 1952, p. 177; ([OCGA § 24-3-14]). . . ." (Emphasis supplied.) *Harris v. U. S. Fidelity & Guar. Co.*, 134 Ga. App. 739, 745 (216 SE2d 127) (1975). "[S]ince the evidence shows that the list in fact was made by the employees of [the insurer] in the regular course of its business, that it was the regular course of its business to make such record, and that it came from the files of the [insurer] where such records were kept, it is such a business record as should be admitted in evidence under [OCGA § 24-3-14]." *Allstate Ins. Co. v. Buck*, supra at 378-379.

As noted, there is a stamped copy of a purported PORS list bearing Mr. Taylor's name and address attached as an exhibit to both an original and an "amended" affidavit submitted by State Farm. However, neither of those affidavits sufficiently identifies the attached document as a business record so as to render it admissible pursuant to OCGA § 24-3-14. " 'Preliminary proof is necessary before the writing or record is admissible under this exception (to the hearsay rule). The evidence should include identification of the writing or record by a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of business *and* that it was the regular course of the business to make such memorandum or record at the time of the event or within a reasonable time thereafter.' [Cits.]" (Emphasis supplied.) *Harris v. Collins*, 149 Ga. App. 638, 640 (255 SE2d 107) (1979). As mere hearsay, the purported PORS list in the instant case would have no probative value. "Absent the preliminary proof required under [OCGA § 24-3-14], the affiant's statements as to facts, the knowledge of which he obtained from records not personally kept by him, were hearsay and had no probative value. [Cits.]" *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 559 (254 SE2d 881) (1979). This is true even in the absence of a specific objection to State Farm affidavits. "The absence of objection does not increase the probative value

of hearsay evidence." *Gallman v. State,* 127 Ga. App. 849, 852 (195 SE2d 187) (1973). On summary judgment, it is presumed "that the trial court recognized the inadmissible evidence and disregarded it." *Spell v. Bible Baptist Church,* 166 Ga. App. 22, 24 (303 SE2d 156) (1983). "We are thus unable to consider [the PORS] document because it would not be admissible as evidence. [Cit.]" *Carlos Jones Constr. Co. v. FDIC,* 169 Ga. App. 899, 901 (315 SE2d 458) (1984).

Accordingly, under its existing evidentiary posture, all that can be said about the instant case is that State Farm has produced a copy of the written notice that it allegedly sent to Mr. Taylor but, unlike *Maddox v. Allstate Ins. Co.,* supra at 22, State Farm has not produced an *admissible probative* Post Office receipt for the mailing "within the contemplation of [OCGA § 33-24-44].' [Cit.]" "[W]hen utilized by the insurance company, the language of the statute must be strictly construed. [Cit.]" *Travelers Indem. Co. v. Guess,* 243 Ga. 559, 560 (255 SE2d 55) (1979). As against State Farm's showing, Mr. Taylor denies receiving any notice of cancellation. Compare *Guess v. Travelers,* supra. Under this state of the record, it is clear that State Farm was not entitled to summary judgment. See generally *Travelers Indem. Co. v. Guess,* supra at 561, fn. 2; *Lumbermen's Invest. Corp. v. American Modern Home Ins. Co.,* 158 Ga. App. 705 (282 SE2d 178) (1981). I believe that the trial court did not err in denying State Farm's motion for summary judgment and therefore, I respectfully dissent.

I am authorized to state that Presiding Judge Deen joins in this dissent.

DECIDED JANUARY 31, 1986 —
REHEARING DENIED FEBRUARY 17, 1986.

*William A. Turner, Jr.,* for appellant.
*Roy E. Harkleroad, Dewey N. Hayes, Terry A. Dillard,* for appellees.