THOMAS K. HANNA *et al.* v. CHARLES P. BARRETT.

1. ATTACHMENT, *Motion to Dissolve; Evidence; Depositions; Insufficient Notice.* Upon a hearing of a motion to dissolve an attachment, depositions may be used in evidence, although they were taken upon insufficient notice. They are the written declarations of the witnesses, and fulfill the statutory definition of affidavits, irrespective of any question of notice.

2. ———— *Motion to Dissolve; Continuance.* A judge has power to continue the hearing of a motion to dissolve an attachment, even after announcing his decision thereon, upon the application of the party against whom the decision was made.

3. PRACTICE — *Opportunity to Offer Evidence.* When, at the trial of a motion, a party has been misled by a statement of the judge, and for that reason has not introduced all the evidence he otherwise would, and the decision is adverse to him, ordinarily he should be given an opportunity to offer such evidence.

4. CROSS-PETITION IN ERROR, *Failure to File.* An error complained of by a defendant in error will not be considered in this court when he fails to file a cross-petition in error.

*Error from Finney District Court.*

THOMAS K. HANNA, Oscar L. Woodgate, and Frank T. Rhoades, administrators of the estate of Milton Tootle, and Thomas K. Hanna, Oscar L. Woodgate, and Frank T. Rhoades, surviving partners of the firm of Tootle, Hanna & Company, bring here for review an order made by the district judge, on March 25, 1887, dissolving an attachment in their action against *Charles P. Barrett.*

*Brown, Bierer & Cotteral,* and *J. D. McFarland,* for plaintiffs in error.

*Sutton & Morse,* for defendant in error.

Opinion by HOLT, C.: The plaintiffs in error, as plaintiffs, brought an action in the Finney district court, upon an account for goods sold, filed an affidavit and bond, and caused an attachment to issue therein. The attachment was levied upon the goods of the defendant. Afterward he filed a motion

to dissolve the attachment; the motion was heard and sustained, and the attachment was dissolved. The plaintiffs bring the case here for review.

At the hearing of the motion to dissolve the attachment the plaintiffs offered the depositions of the defendant and of Amanda L. Barrett his wife, which were rejected. It appears that a notice was served upon the defendant on the 25th day of February, 1887, by plaintiffs, stating that they would take depositions on the 26th day of February, the next day, and the depositions offered in evidence were those taken in pursuance of such notice. Such notice was clearly insufficient. (Civil Code, § 352.) This is conceded by the plaintiffs; but it is urged that in the hearing of the motion they should have been treated as evidence in the nature of affidavits. This motion to dissolve was heard entirely upon affidavits, without any oral testimony. This is no novel procedure; on the contrary, it is the usual method of trying similar motions. It was suggested to us in argument, although it does not appear in the record, that there was a rule that the motion should be heard entirely upon affidavits; in any event, all the testimony brought here in the record was affidavits, the depositions complained of being the only exceptions. The deposition of Charles P. Barrett, the defendant, was admissible upon the ground that it was the written admission of a party to the action; therefore it was error for that reason to reject his deposition when offered.

We believe the deposition of Amanda L. Barrett should have been treated as her affidavit. An affidavit is defined by our statute to be a written declaration under oath, made without notice to the adverse party. This is her statement under oath; the reason given for not admitting it was that sufficient notice had not been given to the adverse party. In the absence of such notice, still it was her statement under oath, and answers fully the statutory definition of an affidavit. As a matter of fact, it appears that she was present by her attorneys, who to a certain extent had charge of her testimony, cautioned her and guarded her rights, and the objection to its introduction was purely technical.

During the hearing of the motion to dissolve the attachment, and before the plaintiffs had finished introducing their evidence, the judge stated substantially that he did not desire to hear anything further, so far as any question of fact was concerned. The plaintiffs made no further effort to introduce testimony. Upon the next day the judge, after taking the matter under advisement, decided that the affidavit for attachment was untrue; whereupon the plaintiffs asked leave to introduce further testimony, tending to establish the truth of the affidavit for attachment. The judge declined to allow further testimony to be introduced. In this we think he erred. The statement made by the judge when the plaintiffs were introducing their evidence might reasonably have led them to believe that he was satisfied that there was sufficient proof to sustain the attachment; and they might well have rested in the belief that it was unnecessary to offer further testimony. When this question of fact was decided adversely to them, they certainly should have been given an opportunity to produce the evidence they had thought unnecessary by reason of the remarks of the judge, and for that reason alone had failed to introduce. He certainly had the power, sitting at chambers, to continue the hearing at that time, and he ought to have given full opportunity for the plaintiffs to have a full hearing.

The motion to dissolve the attachment was based upon four grounds: the first, that the affidavit for attachment was untrue, was sustained by the judge at chambers; the second, third and fourth were overruled. The third was, that no sufficient bond had been filed. The judge, in deciding the motion, overruled an objection made to the sufficiency of the bond, and the defendant now wishes to have that decision reviewed here. He has filed no cross-petition in error asking such relief, and without it we cannot examine the error complained of.

We therefore recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.