FIRST NATIONAL BANK IN ORD, APPELLANT, V. GREENE BUILDING
AND SUPPLY, INC., ET AL., APPELLEES.

369 N.W.2d 59

Filed June 14, 1985.   No. 83-902.

Robert E. Wheeler of Stowell & Wheeler, P.C., for appellant.

L. William Kelly III of Kelly & Kelly, for appellees.

William B. Brandt and Robert J. Hallstrom of Brandt, Horan, Hallstrom & Sedlacek, for amicus curiae Nebraska Bankers Association.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On September 25, 1981, the plaintiff-appellant, First National Bank in Ord (hereinafter bank or plaintiff), filed its petition against Greene Building and Supply, Inc., a Nebraska corporation (hereinafter referred to as the debtor); Robert R. and Betty L. Greene, husband and wife; and John M. and Lucille N. Greene, husband and wife. The petition alleged that the debtor corporation had signed two promissory notes to the bank and that the debtor had duly executed a security agreement granting a security interest to the bank in "all machinery (including automotive equipment), furniture, fixtures, inventory, accounts rec., contract rights, chattel paper, all tangible and intangible personal property, whether now owned or after acquired and all proceeds therefrom." In addition, on June 13, 1979, the debtor corporation gave the bank a security interest in a truck-mounted crane in connection with note No. 5074.

The petition further alleged that on April 18, 1978, defendants Robert R. and Betty L. Greene and John M. and

Lucille N. Greene executed an unlimited guaranty agreement whereby each individual defendant guaranteed the payment of all debts of the debtor corporation whether then existent or later incurred.

The defendants acting jointly filed a general denial. Defendants' counsel then filed a suggestion in bankruptcy indicating that bankruptcy proceedings had been filed on behalf of the debtor corporation and defendants Robert R. and Betty L. Greene. No further action was taken against the debtor corporation or Robert R. and Betty L. Greene. The case continued, under the petition as originally filed, against John M. and Lucille N. Greene (hereinafter Greenes).

On October 11, 1983, the Greenes filed a general denial of all the allegations of the plaintiff's original petition. On this same date, after proper notice, hearing was held on plaintiff's motion for summary judgment against the Greenes. The motion had been earlier filed, and eight exhibits were received in evidence in support of it without any objection from Greenes. These exhibits showed, by the exhibits themselves and by the Greenes' answer to request for admissions, that the Greenes had duly executed the unlimited personal guaranty on April 18, 1978, and that the notes of the debtor were validly executed on June 13, 1979, and January 30, 1981. Exhibit 7 was supported by an affidavit of the bank's loan officer and showed, by a computer printout, that the June 13, 1979, note had apparently been paid off in full on July 13, 1982. Exhibit 7 also showed that payments totaling $79,647.48 had been made on the note of January 30, 1981, leaving a balance due as of September 15, 1983, of $66,758.77 (including interest of $33,318.95). Of the total paid on the note, $27,727.14 was received from "Wolf & Nolte sale account"; $96.19 was a setoff of "DDA #332080"; $500 was received "from United Grain option to purchase lots 6 & 7 Riverside Industrial Addition to City of Ord"; $14,217.42 was received as "proceeds from sale of Lot 6, Riverview Industrial Addition to the City of Ord"; and $35,000 was received as an "[a]greement on credit allowed upon sale of Lot 7, Riverview Industrial Addition to Ord." Plaintiff then rested.

Greenes' counsel then called plaintiff's executive vice president, Gary L. Garnick, as a witness. Plaintiff objected to

any testimony from Garnick for the reason that Garnick's affidavit had been timely filed with the court before the hearing, and no opposing affidavits had been filed by defendants "prior to the day of hearing," as required by Neb. Rev. Stat. § 25-1332 (Reissue 1979). Plaintiff's objection was overruled, and Greenes' counsel examined Garnick, over plaintiff's continuing objection, for the stated purpose of establishing that a sale of collateral had been conducted by the debtor corporation; that the plaintiff had advised the debtor to have a sale; and that no written notice of such sale had been given to the Greenes. The Greenes then rested. The trial court then denied plaintiff's motion for summary judgment.

Plaintiff then moved for a rehearing of its motion for summary judgment. This motion was heard, pursuant to notice, on October 31, 1983.

In the meantime, on October 20, 1983, the Greenes filed a motion for summary judgment in their favor, and noticed this motion for hearing on October 31. This motion alleged that there was no controversy as to any facts nor any issue as to the law and that "Plaintiff has failed to comply with Section 9-504 of the Uniform Commercial Code. That said compliance with the aforementioned Section of the Uniform Commercial Code is a condition precedent that must be met before the Plaintiff is allowed to file suit against the Defendants." No affidavits or depositions were attached to, or mentioned in, the motion.

On October 31, 1983, the hearing was held on plaintiff's "Motion for Rehearing," which was treated by the court and the parties as a motion for summary judgment, and on defendants' motion for summary judgment. The exhibits offered at the October 11 hearing were offered and received without objection. Plaintiff's motion for summary judgment was denied by the court.

The Greenes' motion for summary judgment was then heard. Greenes offered "Exhibit No. 1," which was the typed original testimony of Garnick at the prior hearing on October 11, 1983. Plaintiff had not received notice that this document was to be filed by the Greenes in connection with Greenes' motion for summary judgment. The testimony of Garnick was offered to prove that there had been a sale of the collateral; that

the sale had been conducted by the debtor, but partly at the bank's suggestion; that proceeds of the sale had been applied to note No. 60950; and that the Greenes had not been notified of the sale. The bank objected, but the testimony, as typed, was received. The court file and the bank's exhibits were also offered on Greenes' motion for summary judgment and received without objection. The court then granted the Greenes' motion for summary judgment and entered a judgment in favor of the Greenes against plaintiff.

Plaintiff timely appealed to this court alleging in its two assignments of error that the court erred "in admitting oral testimony offered by Defendants at hearing on Plaintiff's Motion for Summary Judgment where the Defendants had given no notice of affidavits in opposition to the motion prior to hearing, and where the issue of repossession had not been framed by the pleadings," and that the court's "finding that the Plaintiffs were required to give notice under *Neb. U.C.C.* § 9-504(3) is contrary to both the law and the evidence." We reverse for the reasons hereinafter set out.

The bank's assignment of error as to the summary judgment procedures is correct and requires reversal without consideration of the bank's second assigned error. The procedures in summary judgment proceedings are established by statute and settled by our decisions. Section 25-1332 provides in part:

> The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Here, the testimony of Garnick should have been excluded. That testimony had been adduced on cross-examination by Greenes' counsel at an earlier summary judgment hearing and was typed and presented at the later hearing on Greenes' motion for summary judgment. Greenes have thus introduced evidence in a summary judgment hearing by cross-examining

the affiant. We disapprove of such procedure as changing a hearing on a motion for summary judgment (statutorily required to be on the pleadings, admissions, depositions, and affidavits) to a minitrial.

The testimony could not be considered a deposition because this previous testimony does not fit in, in any way, under rule 32, Nebraska Discovery Rules (rev. 1983), concerning the taking and using of depositions. The testimony could not be considered an "affidavit" within the meaning of § 25-1332. In Neb. Rev. Stat. § 25-1241 (Reissue 1979), an affidavit is defined as "a written declaration under oath, made without notice to the adverse party." If Garnick be considered as the affiant, he has made no "written declaration." Testimony, adduced on cross-examination of an adverse party, cannot be typed up and be considered to be an affidavit.

As stated in *McHenry v. First Nat. Bank*, 216 Neb. 580, 583, 344 N.W.2d 652, 654 (1984), "one is entitled to summary judgment only when there is no genuine issue as to any material fact, the ultimate inferences to be drawn from the facts are clear, and he is entitled to judgment as a matter of law."

With or without the testimony, whether the bank has "disposed" of the collateral in question within the meaning of Neb. U.C.C. § 9-504 (Reissue 1980) is a fact question. The trial court could not determine the factual details of the method by which collateral was disposed of, or even if plaintiff's interest in the collateral was disposed of. The court therefore could not determine, on a summary judgment motion, whether and how plaintiff had disposed of its collateral.

We reverse and remand.

REVERSED AND REMANDED.