**FARMERS UNION OIL COMPANY OF WILLISTON, Plaintiff and Appellant,**

v.

**John HARP, Defendant and Appellee.**

**Civ. No. 900136.**

Supreme Court of North Dakota.

Oct. 31, 1990.

Paul W. Jacobson of Bjella, Neff, Rathert, Wahl & Eiken, Williston, for plaintiff and appellant.

Fred E. Whisenand of McIntee & Whisenand, Williston, for defendant and appellee.

VANDE WALLE, Justice.

Farmers Union Oil Company appealed from a summary judgment in favor of John Harp. We reverse.

Farmers Union brought this action against John Harp for contribution or indemnity for a judgment of $366,200 and costs entered against Farmers Union in Williams County district court, civil No. 18,326. That judgment was obtained by James Harp and Josie Harp, John Harp's uncle and aunt, for injuries sustained when a propane line leading to their house exploded. In the present action, Farmers Union alleges that John Harp negligently worked on the propane line shortly before the accident, thereby precipitating the accident.

In support of his motion for summary judgment, John Harp submitted affidavits from James Harp and Josie Harp, as well as from himself. These affiants denied that John had done any work on the propane line outside of the house. Harp also submitted the deposition testimony, taken in the present action, of Deputy Fire Marshal Richard E. Radspinner and Barbara Skogen, who investigated the accident. Harp asserts that the testimony given in these two depositions does not implicate Harp with the leaking propane line.

In opposition to Harp's motion for summary judgment, Farmers Union submitted a partial transcript of Williams County civil No. 18,326, which contained the testimony of Radspinner. Farmers Union asserts that Radspinner's prior testimony implicates John Harp. Farmers Union also submitted the deposition testimony of Radspinner and Skogen.

The trial court held that the testimony of Radspinner from civil No. 18,326 was inadmissible as hearsay and could not be considered for the purpose of the summary-judgment motion. The trial court found no other evidence that Harp had worked on the propane line outside of the house prior to the explosion and thus believing there was no genuine issue of material fact to be resolved, the trial court granted Harp's motion for summary judgment. Farmers Union appealed.

Summary judgment is a procedural device available for the expeditious disposition of controversies without the necessity of trial when, after viewing the evidence in a light most favorable to the opposing party and giving that party the benefit of all favorable inferences, there is no dispute as to either the material facts or inferences to be drawn from the undisputed facts. *Production Credit Ass'n v. Davidson*, 444 N.W.2d 339 (N.D.1989). In making a determination on an appeal from summary judgment, we view the evidence in a light most favorable to the party against whom summary judgment is granted. *Williston Co-op Credit Union v. Fossum*, 427 N.W.2d 804 (N.D.1988).

Rule 56(e), NDRCivP, requires a party opposing a motion for summary judgment to present competent admissible evidence by affidavit or other comparable means raising a material factual issue, or from which the court can draw an inference creating a material factual issue. *Production Credit Ass'n v. Davidson, supra.* If the party opposing summary judgment does not set forth specific facts showing there is a material factual issue, summary judgment is to be entered against him. Rule 56(e), NDRCivP.

While Farmers Union admits that the partial transcript from the prior trial was not an "affidavit," it asserts that the transcript was admissible under Rule 56(e) as a comparable means. In support of this position, Farmers Union directs the Court's attention to federal authority.

Rule 56, NDRCivP, is virtually identical to Rule 56, FRCivP. Rule 56, NDRCivP (Explanatory Note). Because of the substantial similarity to the federal rule, federal court interpretations are highly persuasive and we should be guided by them. Rule 1, NDRCivP (Explanatory Note); *Hamilton v. Hamilton*, 410 N.W.2d 508 (N.D.1987).

The First Circuit, United States Court of Appeals, has recently considered the admissibility of prior trial transcripts in a summary-judgment action in *United States v.*

*O'Connell,* 890 F.2d 563 (1st Cir.1989). The defendant-appellant in *O'Connell,* St. Augustine Trawlers, Inc., appealed from a ruling granting summary judgment against it and co-defendants John O'Connell and Jerry Thompson in a civil action brought by the United States under the False Claims Act. In ruling on the motion for summary judgment, the trial court considered excerpts of Thompson's testimony at the criminal trial of O'Connell and another co-defendant, James Norton.

The Court of Appeals concluded that the district court properly considered excerpts from the trial testimony because "there is no sensible rationale which would preclude reliance on sworn testimony faithfully recorded during the conduct of a judicially supervised adversarial proceeding. All of the hallmarks of reliability attend upon such trial transcripts." *Id.* at 567 [quoting *Advance Financial Corp. v. Isla Rica Sales, Inc.,* 747 F.2d 21, 27 (1st Cir.1984)]; *accord Boston Athletic Ass'n v. Sullivan,* 867 F.2d 22 (1st Cir.1989); *see also Fisher v. Shamburg,* 624 F.2d 156 (10th Cir.1980) [although appellate court reversed on other grounds, trial court properly considered a certified transcript on a motion for summary judgment]; *Askew v. Bloemker,* 548 F.2d 673 (D.C.Cir.1976) [criminal trial transcript cognizable in consideration of a motion for summary judgment]; *see generally* 6, Part 2, Moore, Federal Practice 56–757–758 (2d ed.1988) [discussing the reliability of different forms of affidavits under Rule 56, including transcripts from former trials].

■ Harp asserts that the prior trial testimony of Radspinner is inadmissible for consideration in the present action because Harp was not a party to the prior action and had no opportunity to cross-examine Radspinner. While Harp's assertion that he had no opportunity to cross-examine Radspinner is correct, it is not relevant. Affidavits submitted in support of, or opposing, summary judgment are never subject to cross-examination. Certainly, the degree of reliability attending Radspinner's sworn testimony from the prior trial is as great as the degree of reliability attending the sworn statements submitted by Harp in the present action.

■ In support of the proposition that the prior trial testimony is hearsay subject to exclusion, Harp mistakenly relies on *Williston Co-op Credit Union v. Fossum,* 427 N.W.2d 804 (N.D.1988). In *Williston Co-op,* the defendants opposing summary judgment submitted an affidavit in which one defendant set forth the deposition testimony of a third party, given in a prior lawsuit. This Court held that such testimony was hearsay subject to exclusion upon proper objection. In contrast to *Williston Co-op,* wherein the affiant set forth facts of which he had no personal knowledge, the present case involves an affiant setting forth facts of which he does have personal knowledge, *i.e.,* Radspinner testifies as to the result of his investigation. The testimony in *Williston Co-op* was hearsay because of the nature of the testimony, not the nature of the form used. Deposition and trial transcripts are comparable to affidavits as a means of raising a material factual issue under Rule 56, NDRCivP. However, a transcript of prior testimony of a witness may not be admissible as evidence at a trial, just as a deposition of a witness is only admissible under certain circumstances. *See* NDRCivP 32(a)(3); NDREv 613(b).

While it is proper for the trial court to consider a prior trial transcript, that transcript must set forth facts that would be admissible in evidence. Rule 56(e), NDRCivP. At the prior trial, Radspinner testified that during his investigation he had been standing outside the Harp house beside the propane line with John Harp, James Harp, and possibly others, at which time a discussion ensued concerning work on the propane line. Radspinner testified:

"Q. Was there a discussion to the effect as to whether anybody had worked on the line?

"A. There was a remark made about Mr. Harp's nephew helping him there, doing some work there.

"Q. And, in that context, Sir, did it apply to you on the line you were talking about outside?

"A. That was the only impression I could get because, indeed, what we were involved with was this propane line and the remark that was made about work having been done I have related directly to this because it was the only subject at issue.

"Q. Was there any further discussion about that subject at that time?

"A. No; there was not.

"Q. You went about your investigation?

"A. That's right; yes."

Farmers Union contends that this testimony is admissible because it is evidence of a tacit admission of a party-opponent under Rule 801(d)(2)(ii), NDREv.[1] Farmers Union argues that John Harp's silence in response to being accused in front of a deputy fire marshal of working on the propane line was an admission that he had, indeed, worked on the line.

■ This Court has recognized the tacit-admission rule, holding that a statement may be shown to have been adopted by a party-opponent by showing a failure to deny that statement where denial is called for. *Starr v. Morsette,* 236 N.W.2d 183 (N.D.1975). Viewing the evidence, and the inferences drawn therefrom, in a light most favorable to Farmers Union, Radspinner's testimony would indicate that Harp failed to deny a direct accusation that he had worked on the line at the site of the leak, when a denial would be called for had the accusation been untrue.

■ Harp does not contest the validity of the tacit-admission rule but, rather, dismisses the applicability of the rule because prior trial testimony is inadmissible as hearsay. We have already rejected that argument. We hold that Radspinner's testimony regarding Harp's silence in response to an accusation would be admissible in evidence and thus may be considered for purposes of summary judgment.[2]

■ The trial court is obligated to consider all such facts admissible under Rule 56, NDRCivP, and if it appears from the record that there is an unresolved issue of material fact summary judgment is inappropriate. *Keller v. Hummel,* 334 N.W.2d 200 (N.D.1983). Harp admitted that he had looked for the propane leak inside the house, but denied working on the line outside the house. Certainly, Radspinner's testimony creates a reasonable inference that Harp worked on the propane line outside of the house.[3]

■ Harp's contention that Radspinner's deposition testimony in the present action negates his prior trial testimony is without merit. Even if Radspinner's deposition testimony contradicts his prior trial testimony, and it is not clear that it does, the trial court must still consider all admissible evidence submitted by the opposing party. As the United States Supreme Court stated:

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. [Citation omitted]." *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).[4]

---

**1.** Rule 802(d)(2)(ii), NDREv provides a statement is not hearsay if: "The statement is offered against a party and is ... (ii) a statement of which the party has manifested an adoption or belief in its truth."

**2.** The accusatory remark as testified to by Radspinner would be admissible because Harp's silence would only be intelligible in the context of the preceding conversation. *See State v. Anaya,* 456 A.2d 1255, 1265 (Me.1983) (the conversation involving an admission of an accusation just heard was admissible as "a reciprocal and integrated utterance between the two of them."

[quoting *United States v. Metcalf,* 430 F.2d 1197, 1199 (8th Cir.1970) ] ).

**3.** Counsel for Harp conceded as much in oral argument.

**4.** In *Anderson v. Liberty Lobby,* a libel action, the Court also held that in ruling on a motion for summary judgment the trial court must consider the substantive evidentiary standard of proof that would apply at the trial. This holding does not affect our analysis because there is no heightened standard of proof required in the present negligence action.

Because the inference that Harp worked on the propane line outside of the house creates an unresolved issue of material fact, summary judgment is inappropriate. The summary judgment is reversed and the case is remanded for trial on the merits.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.