RONALD THORNE, APPELLANT, V. OMAHA PUBLIC POWER DISTRICT, A POLITICAL SUBDIVISION, ET AL., APPELLEES.
510 N.W.2d 575

Filed January 4, 1994.   No. A-92-281.

Jon H. Johnson, of Johnson & Graeser, P.C., and John J. Bedel, of Daub & Haggart, for appellant.

Joseph E. Jones and John M. Ryan, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee Omaha Public Power District.

Richard A. Drews, of Brashear & Ginn, for appellee Fuel Economy Contracting Company.

SIEVERS, Chief Judge, and IRWIN and MILLER-LERMAN, Judges.

IRWIN, Judge.

Ronald Thorne appeals the order of the district court granting summary judgment for defendants-appellees, Omaha Public Power District (OPPD), Fuel Economy Contracting Company (Fuel Economy), and Technical Asbestos Control. Thorne claims on appeal that the district court erred in refusing to allow sworn statements, which were made before a court reporter in a question-and-answer format, to be admitted as affidavits. Thorne asserts that had these sworn statements been admitted, they would have raised a genuine issue of material fact precluding the granting of summary judgment. For the reasons recited below, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.

## SCOPE OF REVIEW

■ In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Dowis v. Continental Elev. Co.*, 241 Neb. 207, 486 N.W.2d 916 (1992); *Spittler v. Nicola*, 239 Neb. 972, 479 N.W.2d 803 (1992).

■ A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Id.*; *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991). A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such facts and that the moving party is entitled to judgment as a matter of law. *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992).

■ In a civil case, to constitute reversible error, admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about such evidence admitted or excluded. *Maresh v. State*, 241 Neb. 496, 489 N.W.2d 298 (1992).

## AFFIDAVITS

Sworn statements were created by Thorne's attorneys during question-and-answer exchanges with four witnesses, which exchanges were recorded by a court reporter. Opposing counsel were not present, no cross-examination was made, and no notice was given to the adverse parties. These sworn statements were offered into evidence by Thorne's attorneys at a summary judgment hearing. The trial court refused to admit these sworn statements as affidavits because they were not "written

declarations." Determining whether the trial court erroneously excluded admissible evidence at the summary judgment hearing necessarily requires us to interpret the statutes regarding affidavits.

Statutory interpretation is a matter of law in connection with which the reviewing court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Sarpy County v. City of Springfield*, 241 Neb. 978, 492 N.W.2d 566 (1992); *Sorensen v. City of Omaha*, 230 Neb. 286, 430 N.W.2d 696 (1988). When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning, so that, in the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning. *State Bd. of Ag. v. State Racing Comm.*, 239 Neb. 762, 478 N.W.2d 270 (1992).

Under common law there was no particular format for an affidavit. 3 Am. Jur. 2d *Affidavits* § 12 (1986). State legislatures have prescribed, via statutes, the various formal requisites for an affidavit. *Id.* See, also, 2A C.J.S. *Affidavits* § 24 (1972).

In Nebraska, an affidavit is defined by the Legislature as a "written declaration under oath, made without notice to the adverse party." Neb. Rev. Stat. § 25-1241 (Reissue 1989). The affidavit must be made "on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Neb. Rev. Stat. § 25-1334 (Reissue 1989). There is nothing in this statutory language that bars the submission of a sworn statement in a question-and-answer format, which meets the criteria of § 25-1334, as an affidavit. Furthermore, this format, which was created by the attorneys' questioning a witness under oath in a nonadversarial context and having a court reporter record the exchange, does not violate the spirit of the statute.

OPPD and Fuel Economy cite *First Nat. Bank v. Greene Bldg. & Supply*, 220 Neb. 205, 369 N.W.2d 59 (1985), as support for the proposition that an affidavit may not be in a question-and-answer format. We do not find this to be the holding. In that case, the bank brought an action against the

defendants, Greene Building and Supply and two married couples. The bank asserted that the company had defaulted on two secured promissory notes and that the two couples were liable under an unlimited guaranty agreement. The defendants filed a general denial, and the bank filed a motion for summary judgment. The summary judgment hearing was held, at which time defense counsel called the bank's vice president to testify. The bank objected on the grounds that the vice president's affidavit had been timely filed and that no opposing affidavits had been filed. This objection was overruled, and the vice president testified that the collateral for the promissory notes had been sold without notice of the sale having been provided to the defendants. The bank's motion for summary judgment was denied.

The defendants later filed a motion for summary judgment on the basis that the bank had failed to give them notice of the collateral sale. At the subsequent hearing, the defendants offered the transcribed testimony of the vice president from the prior summary judgment proceeding. The defendants had not given notice that this document would be offered into evidence. The trial court received the transcript, over the bank's objection, and then granted the defendants' motion for summary judgment. The bank appealed.

On appeal, the bank asserted two errors, the first being that the trial court had erred in receiving the transcribed testimony " 'where the Defendants had given no notice of affidavits in opposition to the motion prior to hearing.' " *Id.* at 208, 369 N.W.2d at 61. The Nebraska Supreme Court stated that the "bank's assignment of error as to the summary judgment procedures is correct and requires reversal without consideration of the bank's second assigned error." *Id.* The court held that the procedures in a summary judgment proceeding are established by statute and that Neb. Rev. Stat. § 25-1332 (Reissue 1989) requires that the adverse party serve opposing affidavits prior to the day of the hearing. Furthermore, the court stated that pursuant to § 25-1332, a summary judgment is to be granted based on the pleadings, admissions, depositions, and affidavits. The statute does not authorize live testimony. When the trial court allowed the transcribed cross-examination

testimony of the bank's vice president to be accepted in a subsequent proceeding, the court essentially condoned a modification of statutorily prescribed conduct for a summary judgment proceeding. The Nebraska Supreme Court expressed its disapproval of such a procedure.

We have carefully reviewed *First Nat. Bank v. Greene Bldg. & Supply, supra*, which was decided on the basis that the defendants failed to give the bank notice of their intent to offer the transcribed testimony prior to the summary judgment hearing. We find that the holding does not address whether a sworn statement in a question-and-answer format, which statement was created by questioning a witness under oath in a nonadversarial context and transcribing the exchange, could be considered an affidavit.

OPPD and Fuel Economy also cite *Spell v. Bible Baptist Church, Inc.*, 166 Ga. App. 22, 303 S.E.2d 156 (1983), as support for their assertion that the sworn statements should not be allowed as evidence. *Spell* is a case in which a student was expelled from school for inappropriate behavior. The student and his parents filed suit against the school, alleging that the student had been expelled unfairly and that such expulsion was a breach of contract. The school filed a motion for summary judgment with supporting affidavits, sworn and unsworn statements, and depositions. The trial court granted the motion, and the plaintiffs appealed. The Georgia Court of Appeals affirmed the summary judgment on the grounds that sufficient appropriate evidence was presented to the trial court to support its granting of the motion. The court also stated that those sworn statements in the form of questions and answers were essentially depositions in which no notice or opportunity to cross-examine the witness was given and that, therefore, the statements should not have been admitted.

In contrast, the California Court of Appeal reviewed the issue of whether a document created in question-and-answer format and labeled as a deposition could be admitted as an affidavit in an arbitration hearing. See *Frantz v. Inter-Insurance Exchange*, 229 Cal. App. 2d 269, 40 Cal. Rptr. 218 (1964). The court held that pursuant to the California Code of Civil Procedure, the distinction between an affidavit and a

deposition is that an affidavit is a written declaration under oath given without notice, and "the mere fact that it was taken in question and answer form and labeled a 'deposition' is of little or no moment." *Id*. at 276-77, 40 Cal. Rptr. at 223. We note further that case law exists indicating that some states are willing to allow prior deposition testimony and prior trial testimony to be admitted as affidavit evidence. The reasoning behind these allowances is compelling in its common sense. See, *Farmers Union Oil Co. v. Harp*, 462 N.W.2d 152 (N.D. 1990) (holding that prior trial testimony of a witness was admissible for consideration at a subsequent summary judgment hearing, even though the defendant did not have the opportunity to cross-examine the witness, because affidavits are never subject to cross-examination and because the degree of reliability was not compromised); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir. 1981) (holding that deposition testimony taken prior to the joinder of a third party in a products liability action was admissible as an affidavit, since it was made on personal knowledge, set forth facts that were admissible in evidence, and essentially "met all the requirements for affidavits"); *Rohlin Const. Co., Inc. v. Lakes, Inc.*, 252 N.W.2d 403, 405 (Iowa 1977) (holding that transcribed testimony from a prior trial could be admitted in a subsequent summary judgment proceeding as an affidavit pursuant to a statute authorizing the admission of evidence by affidavit or " 'any other form,' " even though the defendants were not parties to the prior action); *Hanna v. Barrett*, 39 Kan. 446, 447, 18 P. 497 (1888) (holding that deposition testimony taken with inadequate notice was appropriately treated as an affidavit in a summary judgment proceeding because it "answer[ed] fully the statutory definition of an affidavit"). See, also, *Camp v. Jiminez*, 107 Idaho 878, 693 P.2d 1080 (Idaho App. 1984) (holding that a verified complaint which sets forth facts as would be admissible in evidence and shows that the affiant is competent to testify may be used as an affidavit in a summary judgment hearing).

However, this court does not determine whether prior deposition or trial testimony can be admitted as an affidavit, because in the case before us the facts are dispositive. The four

transcribed statements consist of questions by Thorne's attorneys to each witness and each witness' responses. The statements were given under oath and were signed by a notary public as statements given under oath by a witness. The responses establish that each witness had personal knowledge of the facts disclosed and that these facts would be admissible in evidence, and the statements indicate that each witness was competent to testify to the matters. See § 25-1334. Common sense dictates that the attorneys and witnesses would have engaged in similar colloquy prior to the attorneys' drafting more traditional affidavits. To require that an attorney then take the additional steps of synthesizing these questions and answers into "traditional" affidavit form and having the witness return and sign the document violates the rule of law stating that "[t]he law does not require the doing of a useless act." See *Drain v. Board of Ed. of Frontier Cty.*, 244 Neb. 551, 557, 508 N.W.2d 255, 259 (1993).

Furthermore, these statements are not testimony adduced on cross-examination, nor were they taken in contravention of any statutorily prescribed conduct for a special proceeding. Finally, OPPD and Fuel Economy were timely served with these affidavits prior to the hearing. Under the facts of this case, we do not find that this form of an affidavit violates any of the concerns expressed by the Nebraska Supreme Court in *First Nat. Bank v. Greene Bldg. & Supply*, 220 Neb. 205, 369 N.W.2d 59 (1985).

## CONCLUSION

As noted above, an affidavit is defined as a "written declaration under oath, made without notice to the adverse party." § 25-1241. We are persuaded that these sworn statements in a question-and-answer format, which were created by questioning a witness under oath in a nonadversarial context and having a court reporter record the exchange, are written declarations within the purview of § 25-1241. Furthermore, the procedure of using a certified court reporter to give the witness an oath and to record both the questions and answers verbatim is no less trustworthy than a traditional affidavit, where a written statement is customarily composed

by an attorney prior to being subscribed and attested by a notary public.

Therefore, we hold that the trial court erred in refusing to receive the question-and-answer affidavits, exhibits 7 through 10. The judgment of the trial court is reversed, and the cause must now be remanded for the trial court to determine if the evidence presented, including exhibits 7 through 10, raises genuine issues of material fact which would preclude summary judgment.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.